## HALE ET AL. *vs.* THE STATE.

1.　Under the act establishing courts of probate, a judge of probate has power (now taken away by the Code) " to grant, hear and determine writs of *habeas corpus*" where the petitioner was confined in jail under a charge of grand larceny.

ERROR to the Circuit Court of Blount.

Tried before the Hon. B. W. HUNTINGTON.

B. T. POPE, for the plaintiffs in error.

M. A. BALDWIN, Attorney General, *contra.*

CHILTON, C. J.—Elijah Hale was indicted for grand larceny, and being confined in jail upon a *capias*, issued from the Circuit Court of Blount, sued out a *habeas corpus* before the judge of probate, and was discharged from custody, upon entering into a recognizance in the sum of five hundred dollars, with William and Allen Hale as his sureties, conditioned for his appearance at the March term of the Circuit Court to be held for said County of Blount, A. D. 1852.

Having forfeited his recognizance by failing to appear, judgment *nisi* was rendered against said Elijah and his sureties, and a *scire facias* thereupon issued, which was executed on the sureties, who, at the term to which they were cited, appeared, and craved oyer of the recognizance, and demurred. The court overruled the demurrer, and rendered judgment final against the sureties, which is now assigned for error.

The eleventh section of the act establishing courts of probate empowers the judges of these courts " to grant, hear and determine writs of *habeas corpus*, in all cases in which judges of the courts may." This language is unambiguous, and leaves no ground for construction. These judges have the same power which " the judges of the courts had" over the subject; and, as the power before and at the passage of the act was clearly given to the circuit judges and chancellors, the same power is vested in the probate judges by this act. We concede that it

was an improvident provision, and are pleased to find that the Code takes away the power.

As to the other point, that Elijah Hale, the principal, was not served with the *scire facias*, we find, upon looking into the record, that the judgment was only made final as against the parties who appeared and demurred to the *scire facias*. As to them, the judgment is correct, and must be affirmed.

Judgment affirmed.